CROHON AND RODEN COMPANY, LIMITED *vs.* BENJAMIN RUDNICK.

Suffolk.   March 11, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes, Consideration. *Conversion.*

If one, who is the treasurer of a corporation, promises the owner of certain hides that he will turn over to him the identical checks received by his corporation in payment for goods of such owner which were sold by the corporation under a contract with the owner that the identical checks so received should be turned over to the owner, such promise of the treasurer is without consideration and an action of contract cannot be maintained by the owner against him for its breach.

If such treasurer, knowing of the agreement between his corporation and the owner of the hides that the title to the hides was to remain in the owner and that the identical checks were to be turned over to the owner when his hides were sold, uses or allows to be used such identical checks, the owner may maintain an action against him personally for conversion of the checks.

CONTRACT or TORT. Writ dated April 26, 1917.

The declaration as amended was in two counts. The following allegations were identical in the two counts:.

"And the plaintiff says that in 1916 the defendant was treasurer and a director of the Bay State Leather Company, a corporation organized under the laws of Massachusetts and having a usual place of business in Boston, in said Commonwealth; that during 1916 said Company had certain hides belonging to the plaintiff which they were to turn into leather and splits for the plaintiff; that said Company agreed that the title to said hides and to said leather and splits should remain in the plaintiff until sold, and that when sold the identical proceeds received from such sale or sales should be turned immediately over to the plaintiff; that the defendant well knew the conditions under which said Company held said hides, leather and splits, and agreed that the identical checks

received from any sales of said leather or splits should be turned over to the plaintiff; that during the time that the defendant was treasurer of said Company he did receive checks from the sale of said leather and splits, and did not turn over said checks to the plaintiff as he agreed."

Further allegations in the first count were that the defendant "negligently and carelessly disregarding the rights of the plaintiff and his own promises . . . allowed said checks to be used for other purposes; that said checks received amounted to at least seven thousand dollars. Wherefore the defendant owes the plaintiff the sum of seven thousand dollars, with interest thereon from the date of receipt of said checks."

The additional allegations in the second count were that the defendant "negligently and carelessly disregarding the rights of the plaintiff to said checks, and failing to keep his agreement with reference to said checks, . . . used or allowed to be used said checks for other purposes; that said checks received amounted to at least seven thousand dollars. Wherefore the defendant owes the plaintiff the sum of seven thousand dollars, with interest thereon from the time said checks were received by him."

It further was alleged that "the two counts above set forth are for the same cause of action, the plaintiff being undecided to which class of action this belongs."

The defendant demurred. The demurrer was heard by *J. F. Brown*, J., and was sustained, and judgment was entered for the defendant. The plaintiff appealed.

*F. A. Wyman*, for the plaintiff.

*C. S. Hill*, for the defendant.

DE COURCY, J. The demurrer to the plaintiff's amended declaration was sustained, and judgment entered for the defendant. On this appeal we cannot consider the bill of particulars which was filed in connection with the original declaration.

The demurrer to the first count was sustained rightly. The contract alleged is one between the plaintiff and the Bay State Leather Company, which was to sell the plaintiff's property and turn over to him the identical proceeds. The alleged promise of the defendant, a director and treasurer of the corporation, to turn over to the plaintiff the identical checks received by the

corporation, was without consideration. See, in that connection, *Cabot* v. *Shaw*, 148 Mass. 459.

The second count, on which the plaintiff chiefly relies, is in tort, for a wrong done to the plaintiff by the defendant as an individual. It alleges that the Bay State Leather Company had hides belonging to the plaintiff, which it agreed to turn into leather; the title to the hides and leather to remain in the plaintiff until sold, and the "identical proceeds" from such sales immediately to be turned over to the plaintiff. It further alleges that the defendant knew these facts, agreed that " the identical checks received" by him from the sales should be turned over to the plaintiff, and nevertheless used or allowed to be used for other purposes the checks which he received. Assuming the allegations to be true, for the purposes of the demurrer, the checks were the property of the plaintiff, for whom the defendant held them in trust; and the unauthorized exercise of dominion over them, with intent thereby to appropriate them to the use of himself or others, and so deprive the owner of them, would render the defendant liable as for a fraudulent conversion. *Judson* v. *Adams*, 8 Cush. 556. *Commonwealth* v. *Moore*, 166 Mass. 513.

It follows that the demurrer should be sustained as to the first count, and overruled as to the second count.

*Ordered accordingly.*