CHARLES F. COE *vs.* ELIOT B. WARE.

Norfolk. February 4, 1930. — June 6, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Agency,* Liability of agent to third person. *Deceit. Evidence,* Presumptions and burden of proof, Matter of conjecture.

If an agent's conduct, complained of in an action of tort for deceit against the agent, involves only a duty, arising from the contract between him and his principal and therefore due solely to the principal, then no liability on his part to third persons exists; but if that conduct also involves a duty to a third person imposed by law arising out of the circumstances, then such third person has a right of action against the agent if he fails in performing this duty, and the contractual relation to the principal does not interpose a defence. Per WAIT, J.

At the trial in a municipal court of an action of tort for deceit against a salesman employed by a corporation selling automobiles, there was evidence that, in negotiations between the plaintiff and the defendant with respect to the purchase of an automobile from the defendant's employer, something was said about a merger of that corporation with another, and the plaintiff asked the defendant whether, if the merger took place, it would have any effect on price; that the defendant said it would not, that a taking over by the second corporation might affect the price of a larger model but "it will not change the price of this particular model," that the plaintiff was "safe as to both price and model, and that the only change if any would be in the larger models"; that in reliance on such representation the plaintiff purchased; that four days later the price of the model he purchased was reduced $600. The sales manager of the corporation testified that he had been advised that the merger would not affect price, but, four days after the sale, for the first time, received notice of a reduction of price, and immediately notified the defendant. There was no evidence that any one on the day of the sale knew whether the second corporation would "take over" the defendant's employer or whether, if it did, prices for the model in question would be affected, or to show that inquiry then made could ascertain what was to take place. The judge found that the defendant made a false representation of fact, found for the plaintiff and, upon report to the Appellate Division, the finding was reversed and judgment was ordered for the defendant. The plaintiff appealed. *Held,* that

(1) While, ordinarily, in an action of deceit, the question, whether certain statements of the defendant relied on by the plaintiff were statements of fact or statements of opinion, is for the fact finding tribunal, and, unless there is no evidence to sustain the finding, a

finding that they were statements of fact is decisive, such a finding
will be reversed where, there is no evidence to sustain it;

(2) A further finding by the judge, that the defendant could have
ascertained the truth or falsity of his statements, was based wholly
on inference and was in law too speculative and conjectural to justify
that inference, or to justify a finding that any one could legitimately
take the statements which the defendant made to be other than state-
ments of opinion;

(3) Judgment properly was ordered for the defendant.

TORT for deceit. Writ in the Municipal Court of Brook-
line dated October 15, 1928.

Evidence, and findings and rulings by the judge, at the
trial in the Municipal Court are stated in the opinion. There
was a finding for the plaintiff in the sum of $600. Upon
a report to the Appellate Division for the Southern District,
the finding was reversed and judgment was ordered for
the defendant. The plaintiff appealed.

*W. H. Hitchcock,* for the plaintiff.

*W. F. Byrne,* (*R. G. Wellings* with him,) for the defendant.

WAIT, J. The plaintiff sues for false representations
alleged to have been made by the defendant, a sales agent
of the Pierce-Arrow Sales Corporation, in negotiations end-
ing in his purchase of an automobile from the corporation.
He testified that something was said about a merger of the
Pierce-Arrow Corporation with the Studebaker company
and he asked whether, if the merger took place, it would
have any effect on price; that the defendant said it would
not, a taking over by the Studebaker company might affect
the price of a larger model but "it will not change the price
of this particular model," he was "safe as to both price and
model, that the only change if any would be in the larger
models." He testified, further, that he had, himself, been
in the automobile business, and had known the defendant
and had faith and confidence in him; that he relied upon
these statements, bought the machine and paid the price
named. The entire transaction was carried through on
July 9, 1928. On July 13 the price of the model was re-
duced $600. The defendant testified that, after the contract
with the company had been signed by the plaintiff but
before the check given in payment had been signed by him,

they discussed the proposed merger of the Pierce-Arrow and Studebaker companies, and the plaintiff asked about a change in model; but denied that any mention of reduction in price was made. He testified that the first he knew of the reduction in price was on July 13, 1928. The sales manager of the Pierce-Arrow Sales Corporation testified that he had been advised that the merger would not affect price; but, on July 13, for the first time, received notice of a reduction of $600 in the price of this model, and immediately notified the defendant.

The judge in the Municipal Court of Brookline refused to rule that the statements were of opinion and not actionable; that there was no evidence that, if the defendant made the statements, he then knew them to be false; that all statements were merged in the contract of purchase made with the Pierce-Arrow Sales Corporation; that the misrepresentations, if any, were made by the corporation; that a misrepresentation by an agent ignorant of its falsity is not actionable against the agent but is alone the tort of the principal. He refused to rule that the defendant was entitled to the finding. On the contrary, he found that the defendant made the statements that the price would not be reduced, not as matter of opinion, but as of fact; that he could have ascertained their truth or falsity but did not; that the plaintiff relied upon them and was damaged; he ruled that possible liability of the principal was immaterial, that this agent had himself committed a tortious act in making false statements of fact the truth or falsity of which he could have ascertained but had failed to ascertain, and was responsible in this action. He found for the plaintiff in $600. The Appellate Division, on report, held that there was error in finding and ruling that the statements were actionable as representations of fact rather than of opinion. It ordered judgment for the defendant. The case is before us upon the plaintiff's appeal.

The defendant contends that he was acting, and was known to be acting, merely as an agent in making the sale, and, therefore, cannot be held personally liable for false statements even if actionable, — that if there is any liability

it is solely the liability of his principal. This contention is unsound. If an agent's conduct complained of involves only a duty arising from the contract between him and his principal and, therefore, due solely to the principal, then no liability on his part to third parties exists, *French* v. *Fuller,* 23 Pick. 108, 109, *Levi L. Brown Paper Co.* v. *Dean,* 123 Mass. 267, *Tibbetts* v. *Wentworth,* 248 Mass. 468, 472, *Handy* v. *Miner,* 258 Mass. 53, 62; but if that conduct also involves a duty to third persons — a duty imposed by law arising out of the circumstances — then such third person has a right of action against the agent, if he fails in performing this duty, and the contractual relation to the principal does not interpose a defence. *Bell* v. *Josselyn,* 3 Gray, 309. *Nowell* v. *Wright,* 3 Allen, 166. *Osborne* v. *Morgan,* 130 Mass. 102. *Bickford* v. *Richards,* 154 Mass. 163. *Shannon* v. *Shaw,* 201 Mass. 393. *Crohon & Roden Co. Ltd.* v. *Rudnick,* 232 Mass. 555, 557. *Proctor v. Dillon,* 235 Mass. 538, 549. See also *Spooner* v. *Holmes,* 102 Mass. 503. For a collection of cases see 20 A.L.R. 86 *et seq.* The law imposes, not only upon the principal but also upon an agent concerned in a sale, a duty not to make false statements of fact as inducements to the sale. *Hedden* v. *Griffin,* 136 Mass. 229. If this duty was violated by the defendant, he is liable.

False statements of opinion, of conditions to exist in the future, or of matters promissory in nature, ordinarily are not actionable. The law gives no remedy to one who relies on them to his hurt. *Knowlton* v. *Keenan,* 146 Mass. 86. *Dawe* v. *Morris,* 149 Mass. 188. *Brown* v. *C. A. Pierce & Co. Inc.* 229 Mass. 44. *Loughery* v. *Central Trust Co.* 258 Mass. 172. *Ernest F. Carlson Co.* v. *Fred T. Ley & Co. Inc.* 269 Mass. 272, 278. See also *Page* v. *Bent,* 2 Met. 371, 374. The serious question in this case is whether what was here stated were statements of fact or of opinion. The trial judge deemed them statements of fact. The Appellate Division thought them statements of opinion. The question, ordinarily, is one for a fact finding tribunal. *Stubbs* v. *Johnson,* 127 Mass. 219. *Andrews* v. *Jackson,* 168 Mass. 266. Unless there was no evidence which would

sustain his finding, the determination of the trial judge was decisive. There was no evidence that any one on July 9 knew whether the Studebaker company would take over the Pierce-Arrow Company or whether, if it did, prices for the model in question would be affected. There was nothing to show that inquiry then made could ascertain what was to take place. The finding that the defendant, a sales agent, could have ascertained the truth or falsity of his statements is based wholly on inference. We think the evidence is in law too speculative and conjectural to justify that inference or a finding that any one could legitimately take the statements to be other than of opinion. For this reason we think the Appellate Division right in ruling that there was error of the trial judge. He should have found and ruled that the statements were not actionable. The order must be

*Order of Appellate Division directing entry,*
*judgment for the defendant, affirmed.*