WILLIAM F. MORAN *vs.* MORRIS R. LEVIN.

Worcester. September 24, December 12, 1945. — December 18, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Evidence,* Of false representations, Relevancy and materiality.  *Practice, Civil,* Offer of proof, Variance.  *Deceit.*

After evidence had been introduced in an action for deceit to show that the defendant, a cattle dealer, sold a cow to the plaintiff, a dairy farmer, as a "milk producing" .cow but that at the time of the sale and thereafter the cow was diseased and unable to produce merchantable milk, an offer by the plaintiff to prove that before the sale the defendant made to the plaintiff "certain representations . . . with reference to the condition, the health of" the cow, and "as to whether" she was "a milk producer," and that the plaintiff relied on such representations, sufficiently showed the nature of the representations which the plaintiff proposed to introduce in evidence and the materiality of the offered evidence to his cause of action; and it was reversible error to exclude the offered evidence.

A provision of a written contract of sale of a cow, that she was purchased without any express or implied warranty, would not bar an action of

tort for deceit brought by the purchaser against the seller and based on false representations, made orally by the defendant to the plaintiff before the sale and relied on by the plaintiff in making the purchase, that the cow was in good health and a "milk producer."

In an action for deceit based on false representations inducing a purchase of a diseased cow by the plaintiff from the defendant, evidence, that when, after the sale, the defendant brought medicine to the plaintiff for the cow and said she would be all right, the plaintiff relied on the defendant's statement, was admissible respecting the plaintiff's conduct in keeping the cow for two months, and on the issue of damages.

No variance was shown in an action for deceit between a declaration containing allegations of false representations concerning three cows sold to the plaintiff by the defendant, and proof of false representations concerning only one of such cows.

TORT. Writ in the Superior Court dated January 13, 1941. The action was tried before *Buttrick*, J.

*J. J. Curran*, for the plaintiff.

*S. M. Salny*, for the defendant, submitted a brief.

RONAN, J. This is an action of tort for deceit in the sale of cows by the defendant, a cattle dealer, to the plaintiff, a dairy farmer. The plaintiff excepted to the exclusion of evidence and to the granting of a motion for a directed verdict for the defendant.

We summarize the facts that could be found from the evidence. The plaintiff and his wife on June 30, 1940, examined a number of cows at the defendant's barn. The plaintiff agreed to purchase three cows, but as the plaintiff had some cows which he wished to trade in, the defendant's son Abe on July 1, 1940, went to the plaintiff's premises looked over the cows to be traded in and agreed upon the terms. The plaintiff, before the three cows were delivered to him, paid for them with notes in the amount of $360, payable to a corporation, M. R. Levin & Sons, and he and this corporation executed under date of July 1, 1940, a conditional sale agreement which, among other things, provided that it constituted "the entire agreement . . . and the said cows are now accepted without any express or implied warranties." The defendant testified that this corporation did not sell the cows to the plaintiff, but that he did the business with the plaintiff and "that it was his own work and responsibility." The plaintiff, the day he received the cows, no-

ticed that the milk given by one of them, an Ayrshire cow, was bloody and thick, and the cow continued to produce this same kind of milk until it was taken back by the defendant's son about two months afterwards. This cow was again sold by the defendant for $50 and a credit of $40 was allowed the plaintiff. The plaintiff had a veterinarian examine this cow about six weeks after the plaintiff had purchased her. The veterinarian found that the cow was suffering from a chronic infectious disease, which, in his opinion, she had had before she was purchased by the plaintiff; that she was giving milk which was bloody and thick; and that all the other cows in the plaintiff's herd were infected by this cow. The veterinarian undertook to treat the other cows but was unable to cure them. The plaintiff's barn was kept in a clean and sanitary condition. The plaintiff did not know that this cow was diseased until the veterinarian told him, and he had to sell ten cows which had become infected. It was admitted that the defendant's son Abe was the agent of the defendant.

The plaintiff testified that he had a talk with Abe Levin before he bought the cows. He was then asked what talk he had, but the judge excluded the question and said that he would permit counsel to make an offer of proof. Counsel for the plaintiff then stated that he proposed to show by the plaintiff and by his wife certain representations by the defendant and his son and that this was by agreement with the defendant's counsel, and the latter said it was agreeable to him to have the proposed testimony of the wife included in the offer if that was agreeable to the judge. The judge answered "All right." Counsel for the plaintiff then stated that when the plaintiff and his wife visited the defendant's barn on June 30, 1940, "there were certain representations made by the defendant with reference to the condition, the health, of these cows, as to whether they were milk producers" and that the plaintiff relied upon these statements; that the next morning when Abe Levin visited the plaintiff's farm he repeated the representations that had been made the day before and that the plaintiff relied upon these statements. The plaintiff excepted to the exclusion of this evidence.

It is plain that the judge and the defendant's counsel understood that the plaintiff's counsel was summarizing the plaintiff's evidence respecting the representations not only of the defendant but also of his son, his agent, which were made at different times, and that he disclosed the testimony that the plaintiff and his wife would give in reference to the representations made before the sale and the reliance of the plaintiff upon them. It was a brief abstract of the expected testimony of two witnesses upon essential factors of the plaintiff's cause of action. The plaintiff was entitled to introduce this offered testimony, and the exclusion thereof was error. The case in this respect is indistinguishable from *Hartigan* v. *Eastern Racing Association, Inc.* 311 Mass. 368, 370–371.

The defendant contends that the representations proposed to be proved were not set out with sufficient particularity to show that they were actionable. It is true that not all representations made by a seller are actionable. He is allowed some leeway in representations which may be regarded as "puffing," or such as are only matters of opinion or belief, or such as are merely promissory in nature. *Loughery* v. *Central Trust Co.* 258 Mass. 172. *Coe* v. *Ware,* 271 Mass. 570. *Harris* v. *Delco Products, Inc.* 305 Mass. 362. But it is also true that one is liable for representations known by him to be false and for representations made of his own knowledge as true concerning matters of fact which are susceptible of actual knowledge and which turn out to be false, although when he made them he did not know they were false. *Litchfield* v. *Hutchinson,* 117 Mass. 195. *Howard* v. *Barnstable County National Bank,* 291 Mass. 131, 136. *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 183. *Schleifer* v. *Worcester North Savings Institution,* 306 Mass. 226, 228.

It is to be noted that, before this offer of expected testimony was made, the defendant had testified that the cows were sold as milk producing cows, and that the Ayrshire cow for natural reasons was not producing milk at the time of the sale. It had also previously appeared in the testimony that this cow at the time of the sale was suffering

from a chronic infectious disease, and that she did not produce any merchantable milk while she was kept by the plaintiff. It is in this setting that the offer of the expected evidence must be understood. It is difficult to see how any representations concerning the health of the Ayrshire cow and her ability to produce milk which would induce a dairy farmer to purchase her would not be actionable if she was then in fact diseased and unable then or thereafter to produce merchantable milk. We think it may be reasonably inferred from an examination of the entire bill of exceptions that the representations which the plaintiff offered to prove related to a matter of fact, which was whether the Ayrshire cow was a milk producing cow. Such a matter of fact would seem to be necessarily involved in the sale of this cow and others which the defendant testified "were sold as milk producing cows" to one who wanted them only for the production of milk. Here there can be little doubt as to the nature of the representations intended to be offered in evidence and that such evidence was material. Indeed, in similar situations it has been held that exceptions to the exclusion of the evidence should be sustained, even in the absence of an offer of proof, if the nature and materiality of the offered evidence are plain. *Commonwealth* v. *Smith,* 163 Mass. 411, 429. *Daley* v. *People's Building, Loan, & Savings Association,* 172 Mass. 533, 534. *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594, 595. *Coolidge* v. *Boston Elevated Railway,* 214 Mass. 568, 571.

The fact that the plaintiff executed a conditional sale agreement with the corporation stating that the cows were purchased without any express or implied warranty would not have barred offered evidence if this action of deceit had been against the corporation, *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 182; *Bates* v. *Southgate,* 308 Mass. 170, 183, and the agreement would not be a defence to Levin if he was acting independently of the corporation, or shield him from liability if he was acting as agent of the corporation. *Hedden* v. *Griffin,* 136 Mass. 229. *Coe* v. *Ware,* 271 Mass. 570. *Kennedy* v. *Shain,* 288 Mass. 458.

The plaintiff testified that, when Abe Levin visited the

plaintiff's barn and brought medicine for the Ayrshire cow, Abe said she would be all right. He should have been permitted to testify that he relied upon that statement. It bore on the plaintiff's conduct in keeping the cow, and it also was admissible on the issue of damages. *Johnson* v. *Holyoke,* 105 Mass. 80. *Peak* v. *Frost,* 162 Mass. 298. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557. *Thomson* v. *Pentecost,* 206 Mass. 505, 512–513.

The fact that the declaration alleged that the defendant made misrepresentations concerning three cows, instead of one cow as the evidence seemed to indicate, was not a fatal variance. The plaintiff's cause of action is based upon deceit in the sale of three cows, although the deceit and damages as shown by the evidence related to only one cow. It was held in *Atwater* v. *Clancy,* 107 Mass. 369, that there was no variance between an allegation of a breach of warranty respecting eight cases of tobacco and proof that the warranty covered only seven cases.

*Exceptions sustained.*