REUBEN E. SNELL *vs.* BERTHA E. COHEN & others.

Middlesex.    April 3, 1950. — May 8, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Equity Jurisdiction,* Specific performance. *Fraud. Equity Pleading and
Practice,* Appeal, Counterclaim.

There was no error in a decree dismissing the bill in a suit in equity for
specific performance of a contract in writing for the purchase by the
defendant of a described "parcel of land with the buildings thereon"
where the trial judge found that the contract was made by the defend-
ant as successful bidder at an auction sale conducted under an adver-
tisement stating that the property was "Three single houses" which
would be "sold separately" and that "reasonable mortgages can be
arranged"; that such advertisement was a misrepresentation in that
the three houses were incapable of separation and constituted a single
building without party walls; that the misrepresentation was made
with intent to induce prospective purchasers to buy; and that the de-
fendant agreed to buy in reliance thereon; and where the evidence
did not require a finding that the defendant knew of the falsity of the
representation before signing a binding extension of the contract.
On the record before this court in a suit in equity, it could not take
"summary action" respecting a counterclaim of a defendant dismissed
"without prejudice" by an interlocutory decree.

BILL IN EQUITY, filed in the Superior Court on March 14, 1947, originally against Bertha E. Cohen alone (hereinafter called the defendant).

The suit was heard by *Dowd,* J.

*J. C. Johnston,* (*J. Friedberg* with him,) for the plaintiff.

*D. H. Fulton,* for the defendant Cohen.

LUMMUS, J.   This is a bill in equity, filed on March 14, 1947, by a vendor of real estate on Trowbridge Street in Cambridge, against the vendee, for specific performance. The contract was in writing, dated December 11, 1946. The plaintiff and one Ginesky, who has since assigned his rights to the plaintiff, were the vendors, and the defendant was the vendee.   The property was described as "a parcel of land with the buildings thereon situated and numbered 23–25–27 Trowbridge Street, Cambridge, Mass. with all the landlord's fixtures now located on the premises."   The price was $16,900, of which $1,000 was paid at the making of the contract.   The time for performance was finally fixed by an extension as February 25, 1947.   The main defence is that the premises were misrepresented to the defendant as three separate buildings, with party walls between them, upon which separate mortgages could be arranged.

The judge found that the premises were sold at auction on December 11, 1946.   The advertisement of the auction sale said, "Three single houses."   "They will be sold separately and reasonable mortgages can be arranged."   The auctioneer stated before the sale that the three houses were single houses and would be sold separately.   Before the first house was sold, he was asked by a spectator whether they had party walls, and he answered, "Yes, they were separate houses and . . . they had or could get single mortgages."   The defendant made separate bids of $5,800 for number 23, $4,800 for number 25, and $6,300 for number 27, a total of $16,900.   The contract was executed in one of the houses immediately after the auction.   The judge found that the three houses constituted a single building with three entrances, that they are incapable of separation,

and that they have no party walls. Several banks, on the application of the defendant, have refused to make separate loans on the several houses, and the defendant is unable to obtain such loans. The plaintiff did not arrange any mortgages for the defendant. The judge found that the statements in the advertisement were misrepresentations of fact intended to induce prospective purchasers to buy, and that the defendant agreed to buy relying on them. We think that the judge was not required to find that the defendant knew the falsity of the representations before she signed the extension of the contract on February 10, 1947.

The judge entered a final decree, dismissing the bill with costs. The plaintiff appealed.

We need not consider whether the contract was binding at law. And the only false representation that we need discuss is that the houses were three separate houses with party walls between them. The finding that that was false is amply supported by the evidence. In *Florimond Realty Co. Inc.* v. *Waye*, 268 Mass. 475, 478, Rugg, C.J., said, "It is a settled principle of equity that a contract valid at law need not always be enforced in equity. Specific performance is not a strict and absolute right. It rests in sound judicial discretion. It will not be granted if the plaintiff has acted in any way touching the transaction contrary to the dictates of common honesty." In that case a salesman for the plaintiff represented as of his own knowledge the condition of the land to be sold when in fact he did not know its condition and his representations were in fact untrue. The contract of sale, made later, declared that no representations not contained in the contract should be binding. Nevertheless specific performance against the buyer was refused. See also *Bates* v. *Southgate*, 308 Mass. 170, 178. The representations under consideration were of facts susceptible of knowledge. *Moran* v. *Levin*, 318 Mass. 770, 773.

The docket entries in this case disclose that a motion by the defendant to join Jacob Friedberg, Morris J. Smith, and Joseph Melnick as parties defendant and to amend her answer by setting up matter in the nature of counterclaim

was allowed; that those defendants filed an answer; that there was a hearing "of issues raised by counterclaim"; and that there was entered an interlocutory decree "dismissing counterclaim without prejudice." No copy of the amended answer setting up the counterclaim or of the answer thereto was included in the record before this court. No final decree appears to have been entered on the counterclaim.

The defendant in her brief requests this court to take "summary action" respecting return to her of $1,000 she paid at the making of the contract with the plaintiff. Even assuming, what does not appear on this record, that the counterclaim referred to in the docket entries was for repayment of the $1,000, the record does not permit the action so sought, but the defendant Cohen is not shown to be without remedy.

If the testimony of the witness Haverty, that as an appraiser for "G. I. loans" he would not recommend the taking of separate mortgages on these houses, was not competent, it did not relate to the decisive issue in this case, which is whether the three houses were separate houses with party walls between them.

*Final decree affirmed with costs.*