*Southern District*

## SHEPARD & MORSE LUMBER CO.
### v.
## PAUL SRIBERG

*Sgarzi, J.* In this action of tort for deceit the plaintiff seeks to recover damages sustained because it relied upon false information contained in a financial statement furnished by the defendant.

The evidence at the trial tended to show that in January, 1951 the plaintiff's treasurer, one Shepard, became aware that the defendant wanted to purchase lumber from the plaintiff on behalf of a corporation known as Contractor's Supply Co., Inc. On January 29, 1951 Shepard told the defendant that because of a certain financial report which he had obtained the plaintiff could not extend credit to Contractor's Supply Co., Inc., but that if an up to date statement were furnished credit might be extended. Accordingly he noted upon the report the words "cash till get new statement, 1/29/51."

Shepard next saw the defendant on February 20, 1951 at which time the defendant gave him a document which was entitled "Estimated Balance Sheet as of December 31, 1950" and which had imprinted at the bottom the following "This statement is prepared for the information of interested Creditors and is for their records only. A certified statement from our Auditors will be forwarded to you soon."

The statement contained figures arranged in the form of a balance sheet, the sums appeared complete to odd cents and it showed an excess of assets over liabilities and Capital Stock amounting to $14,538.08 which was designated as "profit." The defendant represented this as an up to date statement of the financial condition of Contractor's Supply Co., Inc. as of December 31, 1950. Shepard would not accept the statement because it was unsigned, whereupon

the defendant signed it in his presence "Paul Sriberg, Comptroller".

Thereafter, relying upon the accuracy of the information contained in the statement the plaintiff extended credit to Contractor's Supply Co., Inc. to the amount of $2,507.18. which sum remains unpaid.

Later, in June 1951, Contractor's Supply Co., Inc. made an assignment for the benefit of creditors. This assignment was signed by the defendant on behalf of Contractor's Supply Co., Inc. as President and Treasurer. A certified public accountant employed by the assignee made an audit of the financial condition of the company and prepared a statement which showed that on December 31, 1950 liabilities in fact exceeded assets by $714.20.

At the conclusion of the evidence the defendant filed certain requests for rulings, which were treated as follows:

1. On all the evidence a finding is warranted that the balance sheet for the year ending December 31, 1950, of Contractor's Supply Co., Inc. was an estimated balance sheet and did not purport to be a true and accurate accounting of the book entries as of December 31, 1950. *Denied.*

2. On all the evidence a finding is warranted that the plaintiff knew that the figures on the estimated balance sheet were not true and accurate but were merely estimated. *Denied.*

3. On all the evidence a finding is warranted that the defendant did not misrepresent the financial condition of Contractor's Supply Co., Inc. in his conference with the plaintiff. *Allowed.*

4. On all the evidence a finding is warranted that the estimated financial statement as submitted by the defendant was not fraudulent. *Denied.*

5. On all the evidence a finding is warranted that the defendant, Paul Sriberg, did not submit the estimated balance sheet to the

plaintiff with the intent that it act upon said estimated balance sheet. *Denied.*

6. On all the evidence a finding is warranted that the plaintiff did not act upon the estimated balance sheet in making the sale of merchandise to Contractor's Supply Co., Inc. *Denied.*

7. On all the evidence a finding is warranted that the valuations as estimated in the balance sheet were honest. *Denied.*

8. On all the evidence a finding is warranted that the plaintiff cannot recover in this action as it has failed to sustain the burden of proving the elements of fraud or deceit. *Denied.*

9. On all the evidence a finding is warranted that when the plaintiff assented to the terms of a certain instrument of assignment for the benefit of creditors, made by Contractor's Supply Co., Inc. dated June 12, 1951, to Leonard M. Salter as assignee, and agreed to accept in full payment of its claim the dividends which shall be payable under said assignment, and agreed to release and discharge Contractor's Supply Co., Inc., from its debt, it thereby also released any claim that it might have against Paul Sriberg. *Denied.*

10. On all the evidence a finding is warranted that a release of one joint tortfeasor releases the other. *Denied.*

11. On all the evidence a finding for the defendant is warranted. *Denied.*

12. On all the evidence a finding for the plaintiff is not warranted. *Denied.*

The Court found for the plaintiff in the sum of $2,507.18. and filed a memorandum of his findings which stated "The plaintiff had refused to extend credit for the goods purchased by the corporation, the Contractor's Supply Co., Inc. The defendant to

induce credit, furnished the plaintiff with a statement called "An Estimated Balance Sheet." The plaintiff extended credit to the corporation on the basis of this statement. There were material and false misrepresentations in this statement submitted. The defendant signed the statement as follows: "Paul Sriberg, Comptroller." I am unable to find that the defendant had actual knowledge of the falsity of the statement. The facts set out in the statement were susceptible of knowledge by the defendant, and I find that defendant's conduct induced the plaintiff to believe that the defendant had knowledge of the truth concerning the corporation net worth. The "Estimated Balance Sheet" submitted showed a net worth of over $14,000, in fact, there was no such net worth but there was a deficit of $714.20.

The common law assignment was made by the Contractor's Supply Company, a corporation. This defendant [plaintiff] was not a party to the assignment. There was no written assent within the 60 day period provided. Even if it may be assumed that there was a valid assent to the assignment, this does not preclude recovery against the defendant, an individual, for deceit."

The defendant claims to be aggrieved by the denial of the foregoing requests No. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11 & 12.

If the trial judge had made a general finding for the plaintiff denial of these requests might have constituted prejudicial error. However, the rulings are rendered immaterial by the special findings of fact. *Strong v. Haverhill Electric Co.,* 299 Mass. 455.

There was ample evidence to support the findings of fact made by the Court and we are satisfied that he correctly instructed himself as to the governing principles of law. *Home Savings Bank v. Savransky,* 307 Mass. 601.

In order to find for the plaintiff it was not necessary for the court to find that the defendant had actual knowledge of the falsity of his statement. The finding could be supported if the Court could

find, as it did, that the facts set out in the statement were susceptible of knowledge by the defendant. *Golding v.* 108 *Longwood Ave. Inc.*, 325 Mass. 467; *Moran v. Levin,* 318 Mass. 770.

The defendant could not escape liability on the facts found by the Court, on the basis that he was acting as an agent. *Coe v. Ware,* 271 Mass. 570.

Since we find no prejudicial error, the report is ordered dismissed.