*Western District*

### SAMUEL WALLANS, ET AL

v.

### JOSEPH CHAPDELAINE, INC.

*Present:* Riley, P.J., Hobson & Alberti, JJ.

Case tried to ————, *J.*, in the District Court of Springfield. No. -----.

(This opinion has been abridged)

*Riley, P. J. There was evidence that* at the time the plaintiffs first occupied their land Overland Street had not been opened for travel and consisted of a pair of wheel ruts which wound around the brush up to their property. Their land was on a slope which ran towards Overland Street and was about three to four and one-half feet higher than the opposite side of the street, where the defendant was constructing houses. The defendant through his agents graded Overland Street and cut away three to four feet of earth causing a loss of lateral support to the plaintiffs' realty and caused a falling and sliding of the driveway and soil from the land into Overland Street which condition continued although the plaintiffs had constructed a hard top surface over the gravel on their land; and that the value of the realty together with the house thereon was $16,000 to $16,500 before the defendant began to grade Overland Street and after the grading the value was $15,000; that Overland Street and Benz Street, into which Overland Street ran, were not laid out when they bought the realty; that one Higgins, a civil engineer, set the foundation of the plaintiffs' house when they began to build and that no inquiry as to what the grade of Overland Street was to be was made by the plaintiffs. It also appeared in evidence that this same engineer Higgins on or about October 8, 1949 staked out Overland Street and set the stakes for grading the street and

that the portion of Overland Street abutting the land of the plaintiffs was to be graded two and one-half to three feet, which grade set by him was subsequently adopted by the City of Springfield in accepting and paving the street and that while he did not supervise the grading, he knew that the road as eventually graded was the same as he had originally laid it out. The defendant employed Higgins to do this engineering work of setting the grade.

The trial judge, at the request of the plaintiffs, ruled that if the owner of land makes an excavation on it so near to the adjoining land of another proprietor that the soil of the latter breaks away, he is responsible for all injury thereby occasioned to the land without proof of negligence or want of skill in making the excavation and that it made no difference whether or not the party who made the excavation was the owner. He also ruled that the evidence warranted a finding in favor of the plaintiffs. However, he found for the defendant and refused the following requests of the plaintiffs:

"3. On all the evidence it appears that the Plaintiffs were the owners of a certain land with a dwelling house thereon, situated on Overland Avenue, Springfield, Massachusetts; that the Defendant, his agents, servants or employees, in the construction of other dwelling houses on nearby land, on said avenue, carried on grading and excavation operations on said Overland Avenue, by

reason of which the Plaintiffs' land was undermined and slid down into said avenue.

4. That the Defendant, his agents, servants or employees, were negligent in carrying on grading and excavation operations on said Overland Ave.

5. That because of the negligence of the Defendant, his agents, servants or employees, the Plaintiffs were damaged.

8b The Defendant promised 'to take care of' the Plaintiffs' driveway.

10. The evidence does not warrant a finding for the Defendant."

These rulings were denied on the ground that they were contrary to the facts found. He made special findings of fact that the defendant was not negligent in bulldozing out the street; that the defendant cut three feet off the upgrade side of the street making the downgrade side one and one-half feet lower than the side of the street the plaintiffs' property was on; and that the defendant did not promise to take care of the plaintiffs' driveway. All of the above rulings except the tenth called for specific findings of fact which the trial judge was not required to make. *Ashapa v. Reed,* 280 Mass. 514 at 516. There was no error in their denial on the ground stated by the judge.

There remains the consideration of the tenth request which in effect means that a finding for the defendant was not permissible on any view of the evidence or credence thereof by the trial judge. *Godfrey v. Caswell,* 321

Mass. 161, 162. While there was no finding as to what interest the defendant had in Overland Street, there was evidence that he was building a house across the street from the plaintiff and other houses further up on the street from which it might be inferred that he had a right of way similar to the plaintiff over Overland Street. The rights of a person having a right to use a private way are very fully set out in *Guillet v. Livernois,* 297 Mass. 337. Among other things the court says at page 340:

> "The right of anyone entitled to use a private way to make reasonable repairs and improvements is well established in cases where the way is already in use. - - - The right exists even more clearly where without improvement the way is impassable and useless."

and again at page 341,

> "Whether improvements made are reasonable in view of the equal rights of others, is largely a question of fact."

In *Gilmore v. Driscoll,* 122 Mass. 199 at 205 the court, quoting from *Foley v. Wyeth,* 2 Allen 131 at 133, speaks as follows:

> "It is a necessary consequence from this principle, that for any injury to his soil, resulting from the removal of the natural support to which it is entitled, by means of excavation of an adjoining tract, the owner has a legal remedy in an action at law against the party by whom the work has

been done and the mischief thereby occasioned. This does not depend upon negligence or unskilfulness, but upon the violation of a right of property which has been invaded and disturbed. This unqualified rule is limited to injuries caused to the land itself, and does not afford relief for damages by the same means to artificial structures. For an injury to buildings, which is unavoidably incident to the depression or slide of the soil on which they stand, caused by the excavation of a pit on adjoining land, an action can only be maintained when a want of due care or skill, or positive negligence, has contributed to produce it."

and again at page 208,

"The fact that the defendant was not the owner of the adjoining land affords him no exemption. It was never considered necessary, in an action of this kind, to allege that the defendant owned or occupied the land on which the digging was done that injured the plaintiff's soil."

It was further held that a plaintiff in an action of this kind could only recover for damages to his soil alone; that he was not entitled to recover the cost of putting his land into and maintaining it in its former condition and could not recover the difference in market value. In the case at bar the only evidence offered by the plaintiffs as to monetary damages was a diminution of the market value of their land by reason of the

alleged acts of the defendant. Under these circumstances they cannot complain of a finding for the defendant as they had proven no recoverable damage. While the question was held not to have been properly raised, the decision in *Langdoc v. Gevaert Company of America, Inc.,* 315 Mass. 8 is illuminating on this subject. In that case the trial judge found that there was no evidence as to the amount in money of the damage to the land and found for the defendant. At page 12 of the decision the court says,

> "The plaintiff contends that the general finding for the defendant is inconsistent with the special finding of damage to the plaintiff's land. Whether there was any incompatibility between these two findings is not presented by the plaintiff's exceptions. The proper method to secure a decision on that point was a motion for a correction of the general finding or a motion for a new trial. He could have saved his rights to any adverse rulings made at the hearing of such a motion. The plaintiff, however, did not pursue either remedy and so failed to bring to the court the question that he has argued."

See also *Biggs v. Densmore,* 323 Mass. 106 at 108 and cases cited. There was no inconsistency in the case at bar between the judge's findings of fact and his finding for the defendant. He ruled that the evidence warranted a finding for the plaintiffs and also,

by denying the plaintiffs' tenth request, ruled that the evidence warranted a finding for the defendant which he made. Obviously a finding for the plaintiffs was not required as matter of law for the judge was not obliged to believe the plaintiffs' evidence even though it was uncontradicted and if a finding for the plaintiffs was not required, a finding for the defendant was warranted. *Godfrey v. Caswell,* 321 Mass. 161 at 162. The plaintiffs also argue that because the judge found that there was no negligence on the part of the defendant he consequently based his finding for the defendant on the ground of absence of negligence. The plaintiffs cannot complain of this finding in respect to negligence as they requested that the defendant be found negligent in their fourth and fifth requests for rulings which were refused by the trial judge as not in accordance with the facts found. *Dennis v. Maxfield,* 10 Allen 138, 143, 144. There is no statement of the judge that his finding was based on lack of the proof of negligence and it was a question of fact for him to decide having ruled in effect that a finding was warranted for either party.

Upon the whole record we find no prejudicial error in the manner in which the trial judge dealt with the requests for rulings and his finding for the defendant and the report will be ordered dismissed.