Peter K.S. WU
and Elsie SU WU
vs.
Burton A. SHAKER, Herbert G.
BRADLEY and Litha Y. BRADLEY

No. 8700

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 3, 1982**

**William H. Diamond, Esq.,** counsel for plaintiff.
**John A. James, Jr., Esq.,** counsel for defendant.

## OPINION

**Cowdrey, P.J.** This is an action in tort to recover $498.80 plus interest and costs for a real estate tax adjustment erroneously made in favor of the defendant-sellers as a result of an alleged negligent misrepresentation by the sellers'· attorney, defendant Shaker.

The report indicates that the plaintiff's

contracted on February 27, 1978 for the purchase of real estate in Andover, Massachusetts which was owned and offered for sale by the defendants Bradley. This contract provided for a delivery of the deed on or before May 19, 1978; and required an appropriate adjustment in real estate taxes for fiscal year 1977-78.

On April 4, 1978 the Collector of Taxes for the Town of Andover issued a Certificate of Municipal Liens indicating that the real estate taxes on the property in question for fiscal year 1977-78 had been only partially paid, and that a half-year balance in the amount of $1,107.80 was due and payable on May 1, 1978.

On May 17, 1978, an employee of the plaintiffs' attorney, one Janice Queen, telephoned the defendant to discuss the prospective real estate closing and related adjustments. Queen informed the defendant of the contents of the April 4, 1978 Lien Certificate, and asked if the taxes for the latter half of fiscal year 1977-78 had been paid subsequent to the date of the Certificate. The report states that there was conflicting testimony as to the exact phraseology of the defendant's response to Queen's inquiry. The defendant replied that "to the best of his knowledge" the taxes had been paid or "he was informed that" the taxes had been paid, or he "believed" that the taxes had been paid. No further details of this conversation are disclosed in the report; but in consequence of such conversation, the defendant requested a tax adjustment in favor of the sellers in the amount of $254.94. A check for the net proceeds of the sale, including the tax adjustment, was subsequently delivered to the defendant in behalf of the sellers.

In June, 1978 it was discovered that the real estate taxes had not been paid in full by the sellers, and that a balance of $498.80 remained outstanding. The plaintiffs had no personal contact with the defendant-sellers at any time during the course of the parties' transaction, and the whereabouts of the sellers were in fact unknown at the time of trial. The plaintiff's demand for the return of their over-

payment has remained unsatisfied.

It was stipulated by both parties that, at the time of the closing on May 19, 1978, the Collector of Taxes for the Town of Andover would have been unable to ascertain whether or not the real estate taxes in question had been paid subsequent to the date of the Lien Certificate. The unavailability of a formal record in May 1978 was attributable to the enormous volume of payments received in the Collector's office at the beginning of that month.

Judgement was entered for the defendant, Shaker; and the plaintiffs' action against the defendants Bradley was dismissed for lack of personal jurisdiction. The trial court made extensive written subsidiary findings of fact which included the following:

"I find that the defendant, Shaker, had no intention, plan or design to deceive the attorney for the buyer, or his secretary.

"I find, however, that the representation made to the secretary of the attorney of the buyers was carelessly phrased, and gave the buyer the impression that the taxes were, in fact, paid.

"the defendant, Shaker, although he made a careless statement, did not intend to deceive the plaintiffs' attorney, in fact, he believed the taxes were paid. He mistakenly relied upon the word of an unreliable client.

"the statement made by the defendant, Shaker, implied that the knowledge was not personal. At most it was the product of unreliable hearsay, an estimate or judgment not susceptible of actual knowledge.

"Absent an intent to deceive, which is lacking in this case, the representation made by the defendant is not actionable."

1. The plaintiffs' first claim of error on this appeal is in the trial court's denial of their requested ruling number 9 which

states that "on the law and the evidence, a finding for the plaintiffs is required." The court's denial of this request was proper, as a finding for the defendant herein can be sustained upon a rational view of the reported evidence.

The plaintiffs wisely do not challenge the court's factual finding as to the absence of an actual intent to deceive in this case. The defendant's alleged liability, therefore, must be initially considered in the context of the familiar rule that "if a statement of fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be the basis for an action of deceit..." **Kurz v. Board of Appeals of No. Reading,** 341 Mass. 107, 110 (1960). See also, **National Academy of Sciences v. Cambridge Tr. Co.,** 3 Mass. App. Ct. 314, 318 (1975). Whether a representation is a "statement of fact made as of one's own knowledge" must be determined in accordance with the usual and proper meaning of the words employed. **Vincenti v. Capone,** 21 Mass. App. Dec. 16, 19 (1960). Statements of mere opinion or belief are not actionable. **Yerid v. Mason,** 341 Mass. 527, 530 (1960); **Moran v. Levin,** 318 Mass. 770, 773 (1945); **Harris v. Delco Products, Inc.,** 305 Mass. 362, 365 (1940). Representations indefinite, imprecise, ambiguous or equivocal similarly engender no liability in tort. See **Sandler v. Elliott,** 335 Mass. 576, 590-591 (1957); **Warren H. Bennet, Inc. v. Charlestown Savings Bk.** 3 Mass. App. Ct. 753 (1975).

The plaintiffs have failed to advance a definitive account of the precise phraseology of the statement at issue. The reported evidence that the defendant may have responded only that "he was informed that" or that he "believed" the taxes had been paid suggests an absence of the clear and positive declaration of assertion of fact made as of one's own knowledge prerequisite to a finding of an actionable, albeit innocent, representation or constructive fraud. The evidence introduced in the lower court is susceptible of a rational inference that the defendant's utterance amounted to no more that the "expression of an opinion or a

statement of something which he had heard and which he intended to simply state as such." See, **Adams v. Collins,** 196 Mass. 422, 426 (1907). A characterization of the defendant's statement as one of fact and personal knowledge or nonactionable opinion and belief was a question of fact for the trial court. **Coe v. Ware,** 271 Mass. 570, 573 (1930). The conflicting nature of the oral testimony adduced at trial militates against a "definite and firm conviction that a mistake has been committed" here, and thus precludes a ruling that the trial court's finding for the defendant was "clearly erroneous." **Sanguinetti v. Nantucket Constr. Co.,** 5 Mass. App. Ct. 227, 228 (1977).

2. The plaintiff's emphasis on the nature of this action as one for negligent misrepresentation as opposed to intentional deceit or constructive fraud does not alter our concurrence with the trial court's ultimate finding.[1] It remained incumbent upon the plaintiffs to establish an express or implied misrepresentation by the defendant concerning the real estate taxes which at the very least created a false impression upon which the plaintiffs could have reasonably and justifiably relied.[2] See, **Danca v. Taunton Savings Bk.,** 385 Mass. 1, 8-9 (1982). As

---

1. The plaintiffs have conceivably characterized their claim as one for "negligent misrepresentation" in an attempt to avoid any issues of professional duty, agency or contractual privity potentially inherent in proceeding against the attorney for the sellers. We note that the reliance theory of liability for negligent misrepresentation expounded in **Craig v. Everett M. Brooks Co.,** 351 Mass, 497, 501 (1967) has not been applied to date in cases involving attorneys and non-clients. Privity and related issues need not be reached herein, however, in the absence of a threshold showing by the plaintiffs of an actionable representation by the defendant.

2. The trial court's subsidiary finding that the defendant's statement "gave the buyers the impression that the taxes were in fact paid" describes the plaintiff's reaction to such statement. That this reaction was not justified or reasonable and that the statement was thus not actionable is clear from the court's finding that the statement "implied that the knowledge was not personal. At most it was the product or unreliable hearsay, an estimate or judgment not susceptible of actual knowledge."

noted above, the reported evidence did not require a finding for the plaintiffs on this essential element of their cause of action.

Although the defendant's conversational response to Queen's telephone inquiry was not drawn with the greatest degree of semantic precision, the statement was not so carelessly or negligently phrased as to have conveyed any factual assertion beyond the defendant's mere belief or understanding as to the property's tax status. This is not a case of justified reliance by uninitiated or unsophisticated laymen upon the erroneous yet unequivocal act or declaration of an expert. See, Prosser, Law of Torts, s. 108, p. 717 (4th ed.). The defendant's statement was made to an employee of the plaintiffs' attorney or "expert" who was professionally responsible for representing the plaintiffs' interests in this real estate closing. The plaintiffs, through their attorney, must be deemed to have been on notice as to a possible deficiency in the seller's real estate tax payments due to the outstanding Municipal Lien Certificate. Given such notice, the plaintiffs' election, through their own attorney, to rely and to proceed on the basis of the defendant's expression of his opinion or belief on the tax issue connotes a practical absence of due care. Reliance on a misrepresentation of fact is justified without further investigation when the statement is actually one of fact and made as of the defendant's own knowledge. See generally, New England Acceptance Corp. v. American Mfgr. Mut. Ins. Co., 4 Mass. App. Ct. 172, 181 (1976). Even assuming arguendo that the plaintiffs' attorney had no duty to undertake an investigation here or that such investigation was a practical impossibility as the plaintiffs allege, the validity of the plaintiffs' reliance remains dubious. The report is devoid of any indication of any question directed by the plaintiffs' attorney to the defendant as to the basis for the defendant's opinion or belief. Moreover, a simple request by the plaintiff's attorney, not rising to the level of investigation, for confirmation of the defendant's opinion or belief in the form of a cancelled check or payment receipt for the real estate taxes could have been made. Any remaining doubts as to the basis or accuracy of the defendant's belief could have been handled by means of an escrow account for the contested dollar amount.

In short, the denial of plaintiffs' request number 9 was not error as the reported evidence did not require a finding that the plaintiffs reasonably and justifiably relied upon an actionable misrepresentation by the defendant.

3. There was also no error in the trial court's denial of the plaintiffs' "Motion to Correct Inconsistent Finding." We perceive no fatal inconsistency in the court's allowance of plaintiffs' request number 3 and its denial of request number 9. The former was properly allowed as a correct statement of law which was rendered partially inapplicable by the court's permissible finding that the defendant's statement was not an actionable misrepresentation.

4. There being no error, the report is dismissed.

SO ORDERED

Elliott T. Cowdrey, P.J.
John P. Forte, J.
H. Lawrence Jodrey, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Charles E. Jannino
Clerk, Appellate Division