URBAN INVESTMENT AND DEVELOPMENT COMPANY &
another[1] *vs.* TURNER CONSTRUCTION COMPANY & others.[2]

No. 90-P-1541.

Suffolk. April 12, 1993. - August 5, 1993.

Present: ARMSTRONG. PORADA. & GREENBERG. JJ

*Evidence,* Rebuttal, Offer of proof, Judicial discretion. *Practice, Civil,*
Question by jury. *Indemnity. Contract,* Indemnity.

At the trial of a civil action, the issue of the judge's refusal to permit
rebuttal testimony was preserved for appellate review notwithstanding
the lack of a formal offer of proof, where the nature and purpose of the
expected testimony were sufficiently known to enable the judge to make
an informed decision and to permit this court to review the correctness
of that decision, and where the judge declined to permit further expla-
nation of the matter. [102-103]

At the trial of a civil action the judge acted within his discretion in refus-
ing to permit the plaintiffs to introduce testimony to rebut theories ad-
vanced by the defendants' expert, where the expert testimony was fully
consistent with one defendant's answers to interrogatories and thus did
not amount to new or unanticipated evidence. [103-104]

At the trial of claims for negligence and breach of warranty, where the
judge's instruction, in response to a question from the jury during their
deliberations, was expressly placed in the context of the plaintiffs' claim
for negligence, the judge did not abuse his discretion by refusing to
reinstruct the jury on issues relating to the claim for breach of war-
ranty. [104-105]

The indemnity provision in a contract between a general construction con-
tractor and its electrical subcontractor obligated the subcontractor to
assume the defense of any claim against the general contractor alleging
damages in connection with the subcontractor's work, without regard to
whether such claim was successful. [105-108]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 29, 1985.

The case was tried before *John Paul Sullivan,* J.

---

[1] Westin Hotels.
[2] Syska and Hennessy, Inc., and Guzovsky Electrical Corporation.

*James E. Ryan* of New York (*John E. Brady* with him) for the plaintiffs.

*Craig E. Stewart* for Syska and Hennessy, Inc.

*Philip J. Foley* for Turner Construction Company.

*Charles P. Reidy, III*, for Guzovsky Electrical Corporation.

PORADA, J. The plaintiffs filed a complaint in the Superior Court against the defendants seeking damages resulting from an electrical fire at the Westin Hotel at Copley Place in Boston on January 2, 1984. The complaint alleged negligence and breach of contract claims against the defendants, Turner Construction Company (Turner), the general contractor for the construction of the hotel; Guzovsky Electrical Corporation (Guzovsky), the subcontractor that designed and built the hotel's electrical system; and Syska and Hennessy, Inc. (Syska), the engineering company that reviewed and approved the design of the electrical system. The complaint also contained claims for breach of an express warranty against Turner and Guzovsky. Turner filed a cross claim against Guzovsky in which Turner asserted that Guzovsky had failed to honor its indemnity agreement to defend Turner in this action. The jury returned verdicts in favor of all three defendants. The judge subsequently on cross motions for summary judgment of Turner and Guzovsky entered judgment in favor of Guzovsky on the cross claim. Both the plaintiffs and Turner have appealed the adverse judgments against them.

The plaintiffs argue that the judge erred in precluding their expert witness from testifying in rebuttal and in denying a requested jury instruction. Turner claims that the judge erred in construing the indemnity agreement as inapplicable simply because the defendants prevailed in this action. We address each of these contentions.[3]

---

[3]The defendants, Turner and Guzovsky, filed a motion to dismiss the plaintiffs' appeal on the ground that the plaintiffs' notice of appeal was filed before the entry of judgment disposing of Turner's cross claim. The defendants did not raise this issue in their briefs and waited until one year after final judgment entered before filing this motion. Since there appears to have been some confusion engendered by the court itself relating to

1. *Plaintiffs' rebuttal evidence.* At issue in this case was the fire's cause and point of origin. The plaintiffs' expert testified during his direct examination that the fire originated outside the limiter lug cabinet and was caused by a loose connection at the elbow of the 2,500 ampere bus duct. He attributed the loose connection and resulting fire to Guzovsky's negligent installation of the bus duct at that site. Guzovsky's expert testified that the fire most probably originated within the limiter lug cabinet due to a loose connection within the cabinet or a small rodent entering the cabinet causing a short circuit, conditions which would be attributable either to the plaintiffs or to Boston Edison Company, who was not named as a defendant. The plaintiffs argue that the testimony of Guzovsky's expert introduced new and unanticipated theories of the fire's origin which they were entitled to rebut through expert testimony. The defendants argue that the plaintiffs lost their right to a review of the judge's ruling because of their failure to make an offer of proof, and that, in any event, the expert's testimony did not involve any new and unanticipated theories.

Ordinarily, an offer of proof is required to preserve the right to appellate review of the refusal to allow a party to introduce the testimony of a witness. *W. A. Robinson, Inc.* v. *Burke,* 327 Mass. 670, 677 (1951). However, the failure to make a formal offer of proof will not prove fatal if the nature and materiality of the offered testimony are plain. *Moran* v. *Levin,* 318 Mass. 770, 774 (1945). Here, at the close of the defendants' case, the plaintiffs advised the judge that they wished to recall their expert witness to "offer testimony as to the possibility of the fire originating at the location as testified to by both [Syska's expert] and [Guzovsky's expert]." The judge denied the request on the ground that plaintiffs

whether the cross claim had been severed and in labelling the document disposing of the jury claims and dismissing the third and fourth-party claims as a judgment and since the appeal works no unfair prejudice to the parties, we decline to treat the plaintiffs' notice of appeal in these circumstances as a nullity. See *Krupp* v. *Gulf Oil Corp.,* 29 Mass. App. Ct. 116, 121 (1990). In fact, the defendants by their inaction may well be estopped from raising this issue. See *Brown* v. *Quinn,* 406 Mass. 641, 646 (1990).

cannot hold back part of their case for rebuttal. The plaintiffs' counsel explained that he had been misled by answers that Guzovsky had filed in response to interrogatories from a third-party defendant, indicating that its expert would testify to a different cause of the fire. In response, the judge faulted plaintiffs' counsel for failing to file their own interrogatories under Mass.R.Civ.P. 26(b)(4), 365 Mass. 774-775 (1974), and then cut him off from any further explanation. When, as here, the general nature and purpose of the expected testimony are sufficiently known to enable the judge below to make an informed decision and to enable this court to review the correctness of that decision, see *Moran* v. *Levin*, 318 Mass. at 774, and where the plaintiff is cut off from further explanation, see *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375, 385 (1971), we conclude that an offer of proof is not necessary to preserve the issue for appellate review. Cf. *Commonwealth* v. *Chase*, 26 Mass. App. Ct. 578, 581-582 (1988). See also *Commonwealth* v. *Jewett*, 392 Mass. 558, 561-562 & n.3 (1984).

A trial judge possesses broad discretion in deciding whether to permit the presentation of rebuttal evidence. *Drake* v. *Goodman*, 386 Mass. 88, 92 (1982). *Mason* v. *General Motors Corp.*, 397 Mass. 183, 193 (1986). A party does not have a right to present rebuttal evidence that merely bolsters the party's affirmative case. *Drake* v. *Goodman*, 386 Mass. at 92. There are circumstances, however, in which a party may present rebuttal evidence as matter of right, as when seeking to refute evidence presented by an opposing party. *Ibid.*

Here the plaintiffs argue that the rebuttal testimony should have been permitted because it was necessary to refute the new and unanticipated theories of the fire's origin presented by the defendants for the first time at trial. It is true that Guzovsky in answers to interrogatories propounded by a third-party defendant stated that their expert was expected to testify that the cause of the fire was due to water intrusion, a theory consistent with the fire starting outside the limiter lug cabinet, while at trial Guzovsky's expert testi-

fied that the fire most probably originated within the cabinet. The plaintiffs, however, ignore Syska's answers to interrogatories in which Syska stated that there were three probable causes of the fire: a loose connection in the electrical equipment, water leaking into the electrical equipment or a rodent in the electrical equipment. Both Guzovsky's and Syska's expert testimony at trial was fully consistent with these answers. Consequently, the defendants' expert testimony did not amount to new or unanticipated evidence presented for the first time at trial. The judge acted within his substantial discretion in refusing to allow the rebuttal testimony.

2. *The jury instructions.* In charging the jury on the plaintiffs' claim of negligence, the judge read a passage from the case of *Klein* v. *Catalano*, 386 Mass. 701, 718 (1982). During jury deliberations, the jury sent a question to the judge requesting that the *Klein* v. *Catalano* case be reread to the jury. The judge responded by reading not only the quoted passage in his original charge but also additional passages from the case which appear not to have been directly quoted in the original jury instructions. The judge made it clear that the law as read applied only to the negligence claim. At the conclusion of this response to the jury's question, the plaintiffs requested that the judge read another passage from the case which distinguished an express warranty from professional negligence. The judge refused to do so and cut plaintiffs' counsel off from any further statement. The plaintiffs contend that the refusal of the judge to reinstruct on the express warranty claim was error, because the response as given was incomplete and misleading. The plaintiffs argue that the instruction as given created an impression in the jurors' minds that liability was to be determined against all three defendants only upon a theory of negligence without regard to the plaintiffs' claim upon a theory of an express warranty against Turner and Guzovsky.

The judge was not required to give the requested instruction. The jury asked only that the *Klein* v. *Catalano* case be reread to them. When this case was quoted in the original charge, it was expressly placed in the context of the plain-

tiffs' claim for negligence. In responding to the jury's question, the judge reminded the jury that the plaintiffs' case was based on both a theory of breach of contract, including the guaranty in Turner's and Guzovsky's contracts, which the judge had read to the jury in his original instructions and on a theory of negligence. The judge pointed out that the passages quoted from the *Klein* case pertained only to the negligence claim. As a general proposition, the necessity, extent, and character of any supplemental instructions are matters within the discretion of the judge. *Commonwealth* v. *Thomas*, 21 Mass. App. Ct. 183, 186 (1985). There was no abuse of discretion in the judge's refusal to give the requested instruction. See *Blood* v. *Dewey*, 318 Mass. 79, 83-85 (1945) (no error in judge confining his reinstructions to a specific inquiry of the jury without repeating the original instructions, which were complete and accurate).[4]

3. *The indemnification claim.* Turner claims that, under the indemnification provision in its contract with Guzovsky, it is entitled to be reimbursed for its legal fees and costs in defending against plaintiffs' claims. The provision reads as follows:

> "Article XXIII. The Subcontractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of the Subcontractor or otherwise, and to all property caused by, resulting from, arising out of or occurring in connection with the execution of the Work. Except to the extent, if any, expressly prohibited by statute, *should any claims for such damage or injury* (including death resulting therefrom) *be made or asserted*, whether or not such claims are based upon Turner's alleged active or passive negligence or participa-

---

[4]The defendants argue that this issue was not properly preserved for appellate review because of the plaintiffs' failure to object to the judge's instructions. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). It is not necessary to reach this issue because we perceive no error in the judge's instructions.

tion in the wrong or upon any alleged breach of any statutory duty or obligation on the part of Turner, the Subcontractor agrees to indemnify and save harmless Turner, its officers, agents, servants and employees from and against any and all such claims, and further from and against any and all loss, cost, expense, liability, damage or injury, including legal fees and disbursements, that Turner, its officers, agents, servants, or employees may directly or indirectly, sustain, suffer or incur as a result thereof and the *Subcontractor agrees to and does hereby assume, on behalf of Turner*, its officers, agents, servants, and employees, *the defense of any action at law or in equity which may be brought against Turner*, its officers, agents, servants, or employees upon or by reason of such claims and to pay on behalf of Turner, its officers, agents, servants and employees, upon its demand the amount of any judgment that may be entered against Turner, its officers, agents, servants or employees in any such action" (emphasis added).[5]

Turner argues that the provision obligates Guzovsky to indemnify and to defend Turner against any claim which alleges damage or injury in connection with Guzovsky's work and does not require that such claim be proven successful.

---

[5]General Laws c. 149, § 29C, as appearing in St. 1985, c. 228, § 3 (effective April 7, 1985, see § 4) provides:

> "Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void."

The subcontract between Turner and Guzovsky was executed on May 29, 1981. Since this court has stated that § 29C is not to be given retroactive effect, *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 81 (1989), the statute has no bearing on the present case.

Guzovsky argues that in the absence of wrongdoing on its part it has no obligation to indemnify Turner for costs incurred in defending against this claim. The trial judge adopted Guzovsky's reasoning and allowed Guzovsky's motion for summary judgment and denied Turner's motion for summary judgment.[6]

Indemnity provisions are not read with any bias in favor of the indemnitor and against the indemnitee; rather, such provisions are to be fairly and reasonably construed to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished. *Whittle* v. *Pagani Bros. Constr. Co.*, 383 Mass. 796, 798 (1981). *Speers* v. *H. P. Hood, Inc.*, 22 Mass. App. Ct. 598, 600 (1986). Here, the language of the indemnity provision is very broad. The provision obligates Guzovsky to indemnify Turner for any claims "made or asserted" suggesting that the claim need not be successful to trigger indemnification. Indeed, the use of the word "claim" as distinguished from the word "liability" in the provision connotes the assertion of a legal right rather than a recognition of that right. See *Stephan & Sons* v. *Anchorage*, 629 P.2d 71, 75 & n.13 (Alaska 1981). Moreover, the provision states that Guzovsky is to "assume . . . the defense of any action . . . which may be brought against Turner . . . upon or by reason of such claims." One cannot defend a claim if liability has already been established. *Id.* at 76. Consequently, if this language is to have any meaning, it must be construed to impose upon Guzovsky the obligation to defend Turner from the assertion of any claims arising out of Guzovsky's work.

In addition, it would appear that the purpose of the indemnity provision, particularly when considered in light of the requirement that Guzovsky procure insurance to cover the liability assumed, was to shift to Guzovsky, as the subcontrac-

---

[6]Although the provision is arguably ambiguous, since both parties have moved for summary judgment and neither party is seeking to introduce extrinsic evidence, the construction of the contract is an appropriate matter for the court and may be decided as matter of law. *Atwood* v. *Boston*, 310 Mass. 70, 75 (1941). *Thomas* v. *Christensen*, 12 Mass. App. Ct. 169, 174-175 (1981).

tor, the insurance burdens covering its area of responsibility. See *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 80 (1989); *Transamerica Ins. Group* v. *Turner Constr. Co.*, 33 Mass. App. Ct. 446, 450-451 (1992). Insurance protection is purchased to obtain the insurer's twofold obligation to indemnify the insured against judgments for which liability is covered under the policy and to defend the insured against claims alleging such liability. See, e.g., *Boston Symphony Orchestra, Inc.* v. *Commercial Union Ins. Co.*, 406 Mass. 7, 10-11 (1989). Accordingly, the language of the indemnity provision is consistent with imposing upon Guzovsky a twofold obligation to indemnify Turner against liability for judgments suffered because of Guzovsky's work and to assume the cost of defending Turner against claims alleging damage or injury arising out of Guzovsky's work. See *Stephan & Sons* v. *Anchorage*, 629 P.2d at 73-74 n.6 for a collection of cases from other jurisdictions which have reached a similar result under "hold harmless clauses." We conclude that Turner is entitled to its reasonable legal fees and costs in resisting the plaintiffs' claim.

In sum, on the plaintiffs' complaint, the judgment is affirmed. On Turner's cross claim against Guzovsky, the judgment is reversed and the matter is remanded to the Superior Court for further hearing to determine the damages to be awarded to Turner for its legal fees and costs in defending this action.

*So ordered.*