Volterra, J.
Defendant/third-party plaintiff Peabody Construction Co. (“Peabody”) seeks a declaration, pursuant to G.L.c. 231A, §1, that (1) the indemnification provision of its Subcontract Agreement (“Subcontract”) with third-party defendant Bertone & Sons Contracting Co. Inc. (“Bertone”) is valid and enforceable, (2) that Bertone is required to defend Peabody in the underlying personal injury and related tort claims, and (3) that Bertone is required to reimburse Peabody for its reasonable attorneys fees and costs incurred to date in defending against the claims of plaintiffs Anthony and Marianne Festa (collectively “the Festas”). Bertone contends that the indemnification provision in the Subcontract is unenforceable, pursuant to G.L.c. 149, §29C and further contends that Festa was performing work not covered by the Subcontract at the time he was injured and that his injuries should not, therefore, be indemnified under the provision in the event it is deemed valid.
BACKGROUND
The plaintiff, Anthony Festa, alleges that he sustained personal injury on December 4, 1992 and January 12, 1993 as a result of being required to lift certain pieces of limestone at the Waltham Public Library construction project.[4] At the time of his accident the plaintiff was employed as a supervisor at the job site by the third-party defendant, Bertone. Peabody was the General Contractor at the job site, Bertone was a Subcontractor. The plaintiff sued Peabody and Peabody brought a third-party action against Bertone for indemnification and contribution.[5]
The Subcontract between Peabody and Bertone, effective October 18, 1991 provides:
4.1 The subcontractor shall assume the defense of and hold the Contractor, Owner and Architect, their officers, agents and employees harmless from all suits and claims against them, or any arising from the use of any invention, patent or patent right, and by or from any act or omission or neglect of the Subcontractor, any Sub-subcontractor, anyone directly or indirectly employed by any of them, or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.
Peabody argues that this clause requires Bertone to defend Peabody in this action and to indemnify Peabody if a causal connection is found between Festa’s injuries and the act, omission or neglect of any of the parties identified in the clause.
Bertone argues that the clause itself violates Massachusetts G.L.c. 149, §29C which states:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any parly for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
Bertone focuses in particular on the clause of the indemnification provision which states “regardless of whether or not it is caused in part by a party indemnified hereunder,” in support of its argument that the provision is void.
Finally, Bertone contends that the resolution of the factual issue, as to whether Festa was injured while performing (a) work covered under the subcontract scope of work or (b) work taken over on a time and materials basis from a subcontractor who dropped out of the project, may relieve them from enforcement of the indemnification provision, if it is deemed valid.
DISCUSSION
This motion requires the court to address three issues: (1) whether the indemnity provision is valid and enforceable and, if so, (2) whether Bertone’s duty to defend Peabody in this action is independent of a finding that there was a causal connection between Festa’s injuries and the acts or omissions of the subcontractor, and finally, (3) whether a factual finding that Festa was injured while performing work not covered under the Subcontract workscope will affect the enforceability of the indemnification agreement.
I. The Indemnification Provision of the Subcontract is Valid
The Massachusetts Appeals Court has found that “a contractual obligation to indemnify is void whenever it provides for indemnification by a subcontractor regardless of the fault of the indemnitee, or its employees, agents or subcontractors, and this is so even if the indemnitee could prove at trial that the injured employee of the subcontractor was negligent.” Harnois v. Quannapowitt Development Corp., 35 Mass.App.Ct. 286, 288 (1993), rev. den. 416 Mass. 1106 (1993). The focus of the inquiry is on the language of the indemnity agreement itself and not the facts of the alleged incident. Id.
*180 Bertone argues that certain language in the indemnity provision is overbroad and provides for indemnification for acts not caused by Bertone, focusing on phrases such as “anyone directly or indirectly employed by any of them,” “or anyone for whose acts any of them may be liable,” and “regardless of whether or not it is caused in part by a party indemnified hereunder” (i.e. Peabody, the indemnitee). While these quotations do suggest broad indemnification, they follow language in the contract provision which states, in pertinent part, that “(t]he subcontractor shall... hold the Contractor . . . harmless from all suits and claims against them, or any arising from . . . any act or omission or neglect of the Subcontractor . . . regardless of whether or not it is caused in part by a party indemnified hereunder.” While not artfully drafted, this language limits indemnity to those claims for which a causal connection is ultimately found between the act, omission or neglect of the subcontractor or its employees, agents or subcontractors, and the harm suffered by the claimant. The indemnification of an indemnitee-pariy who may have been partly at fault does not negate the requirement of a finding of causal connection between the harm suffered by the claimant and the negligent behavior of the subcontractor, or its employees, agents or subcontractors. The provision at issue in this case is, in this significant regard, distinguishable from that deemed void in Harriots and is, therefore, valid and enforceable.
II. The Duty to Defend is Separable From a Finding of Liability
The Appeals Court, in Urban Investment and Development Co. v. Turner Construction Co., 35 Mass.App.Ct. 100 (1993), reviewed a defense and indemnity provision similar in certain particulars to that at issue in the instant case and required the subcontractor to assume the defense of any claim against the general contractor alleging damages in connection with the subcontractor’s work, without regard to whether such claim was successful. Id. at 107-08. The duty to defend was found to arise from the assertion of a claim alleging damages, without regard for the outcome of the case. Id. at 107. “Accordingly, the language of the indemnity provision is consistent with imposing upon [the subcontractor] a twofold obligation to indemnify the [General Contractor] against liability for judgments suffered because of the [subcontractor’s] work and to assume the cost of defending the [General Contractor] against claims alleging damage or injury arising out of the [subcontractor’s] work.” Id. at 108. The language in the instant indemnity provision is similarly consistent with such a twofold obligation. As in Urban Investment, Bertone’s duty to defend is separable from its obligation to indemnify, the latter of which rests on a finding of causal nexus by a fact-finder.
III. The Indemnification Provision Was Bargained For Between the Parties and Covers
Work Performed Outside the Original Workscope
“A contractual right to indemnity arises from the relationship between the parties.” Fall River Housing Authority v. H.V. Collins & Co., 414 Mass. 10, 14 (1992), citing Araujo v. Woods Hole, Martha’s Vineyard, Nantucket S.S. Auth., 693 F.2d 1, 2 (1st Cir. 1982). “We shall recognize an implied right to contractual indemnity only where there are ‘special factors’ surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation.” Fall River, supra, citing Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 38-39 (1983). In the instant case, Bertone and Peabody were in a contractual relationship which encompassed a bargained-for indemnity provision in their subcontract, covering negligent acts or omissions arising from work performed by Bertone. Bertone attempts to distinguish Festa’s claim as one falling outside of the subcontract and therefore the contemplated indemnification. This is an unreasonable argument. When Bertone took over the workscope for the stone installation the parties did not need to renegotiate their entire contractual relationship. Their pre-existent subcontract, including the indemnity provision, is evidence of the intention of Bertone to indemnify Peabody for work performed on the proj ect by Bertone. Bertone’s attempt to deny its intention to indemnify, as evidenced by their bargained-for contract, is untenable. Bertone’s duty to defend Peabody, and to indemnify if the requisite causal connection is proven, is clearly implied in the facts in this case.
ORDER
For the foregoing reasons defendant/third-party plaintiff Peabody’s motion for declaratory judgment is ALLOWED.
(1) It is hereby ORDERED and DECLARED that the indemnification provision of the Subcontract between Bertone and Peabody is valid and enforceable.
(2) It is further ORDERED and DECLARED that Bertone is required to defend Peabody in the underlying personal injury and related tort claims.
(3) It is further ORDERED and DECLARED that Bertone is required to reimburse Peabody for its reasonable attorney’s fees and costs incurred to date in defending against the claims of the Fes tas.

The claims of Marianne Festa and of Anthony and Marianne as parents and next friends of their children are derivative loss of consortium and loss of parental society claims.

Bertone and Peabody agreed at the hearing on this motion that the only issue they needed addressed was a declaration of rights regarding the validity and enforceability of the indemnification clause.