Poehler, J.
Tri-County Contractors (‘Tri-County’) brought this lawsuit against Diamond Collision Specialists, Inc. (“Diamond”) in the Uxbridge Division of the District Court alleging breach of contract, fraud, deceit and misrepresentation, goods sold and delivered, quantum meruit, and violations of G.L.c. 93A in connection with Tri-County’s sale and installation of a prefabricated addition to a building owned by Diamond. Tri-County claimed that it had properly installed the addition with the exception of some tie-ins to the original building, which it alleged Diamond had prevented it from completing. Diamond filed counterclaims for breach of contract, negligence, and breach of warranty alleging that the addition was defective. Trial took place before a District Court judge on March 14,2012 and March 26,2012. At the conclusion of Tri-County’s case, the judge allowed Diamond’s motion for involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(b) (2), as to Tri-County’s claims of fraud, deceit and misrepresentation, and G.L.C. 93A violations. At the conclusion of Diamond’s case, the judge allowed the same motion in favor of Tri-County as to all of Diamond’s counterclaims. The judge found for Tri-County on its breach of contract claim and awarded damages in the amount of $4,205.80.
On appeal, Diamond asserts three errors of law: the exclusion of its two expert witnesses; the denial of its request to call a rebuttal witness; and the judge’s finding that it breached the contract, which Diamond asserts is against the weight of the evidence. Set forth below are the facts necessary for a determination of each issue.
Exclusion of experts. Originally, trial was scheduled for November 2, 2011. On motion of Tri-County, the trial date was continued to January 12, 2012. Thereafter, a request for a continuance by Diamond was allowed, rescheduling the trial to March 14, 2012. On February 2, 2012, Diamond supplemented its answers to expert interrogatories, identifying, for the first time, two experts it expected to call as witnesses at trial and attaching a report from each expert.[1] These supplemental answers were signed under oath by Diamond’s attorney. On February 9, 2012, in response to the supplemented answers, Tri-County filed a motion to continue the trial and reopen discovery or, in the alternative, to preclude Diamond from presenting the expert witnesses at trial. Diamond assented to the motion to continue, but objected to the alter *90 native request, i.e., precluding the use of its experts. A hearing was held on the motion on March 2, 2012. A judge endorsed the motion, “Denied. Matter stands for trial as previously scheduled. No action on exclusion of evidence request.” Although the motion was endorsed as such, the typed notice sent to the parties from the clerk’s office read, “Plaintiff, Tri County Contractor’s motion to continue trial and reopen discovery or [sic] Diamond Collision Specialists, Inc. from introducing recently disclosed evidence and witnesses at trial - Denied.” On March 12, 2012, Diamond served Tri-County with a pleading entitled, “Revised Answers to Interrogatories,” apparently to correct a typographical error. That set of interrogatories was signed under oath by Diamond’s owner, but indicated in response to expert interrogatories that none had yet been decided.
On the first day of trial, March 14, 2012, Tri-County filed a motion in limine to exclude Diamond’s expert witnesses on the grounds that the experts were identified too late, that the supplemental answers to interrogatories were incomplete (in that reports were attached in response to specific questions), and that the revised answers (received by Tri-County on March 13, 2012) identified no experts. After a lengthy hearing, the motion was allowed and Diamond’s experts were excluded. Diamond claims that this was an abuse of discretion by the trial judge.
“Trial judges have “broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.... Within this discretion lies the power to exclude or deny expert testimony... and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party.’” Natty v. Volkswagen of Am., Inc., 405 Mass. 191, 197 (1989), quoting Campbell Indus, v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980). Therefore, in reviewing a trial judge’s sanction order ..., an abuse of discretion standard controls. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). The standard is applicable to the judge’s finding that a sanction needed to be imposed and also to assess the appropriateness of the sanction imposed.” Mattoon v. City of Pittsfield, 56 Mass. App. Ct. 124, 131-132 (2002). “Abuse of discretion is ‘arbitrary determination, capricious disposition, or whimsical thinking,’ Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920), or ‘idiosyncratic choice,’ Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979).” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641-642 (1986).
Diamond first argues that at the pretrial conference, no discovery deadline was set by the clerk-magistrate who held the conference and, therefore, discovery remained open. Notwithstanding that the pretrial conference report contains no reference to discovery, District Court Joint Standing Order 1-04 provides that discovery is to be completed by the pretrial conference unless the court orders otherwise.[2] *91 Here, Diamond had not notified Tri-County of its experts until over six months after the pretrial conference and three weeks after the initial trial date of January 12,2012. Further, at the time it supplemented its interrogatory answers identifying the experts (approximately six weeks prior to trial), Diamond had apparently known of the experts and had possession of their reports for almost two months.[3] Diamond’s attorney signed the supplemental answers as opposed to the person answering them, see Mass. R. Civ. R, Rule 33(3), and the reports attached did not comply with Rule 26(b) (4) (A) (i). The day before trial, Diamond served revised answers to interrogatories that indicated that a determination as to expert witnesses had not yet been made. With all of this information, it was not an abuse of discretion for the judge to impose a sanction.
Having decided that some sanction was appropriate, we turn to the question whether “exclusion of the expert testimony was the only sanction available to the judge ... [or] whether a sua sponte continuance of the trial would have been more appropriate in the circumstances.” Mattoon, supra at 133. Although Tri-County had requested a continuance (assented to by Diamond), which was denied after hearing on March 2,2012, neither party requested a continuance on the date of trial.[4] As of the trial date, the case was two years old and involved a contract made six years prior. A pretrial conference had taken place in July, 2011. Two prior trial dates had been scheduled and then continued. A motion to continue the trial had been made and denied on March 2,2012. In light of these circumstances, it was not an abuse of discretion for the judge to impose the discovery sanction that he did and proceed with the trial.
Exclusion of rebuttal witness. Diamond next contends that the trial judge erred in prohibiting it from calling a rebuttal witness. Tri-County introduced in evidence certified records of the town of Bourne building department. These records contained a letter from Michele Cudilo (“Cudilo”), one of the experts Diamond had wanted to call as a witness but who had been excluded by the judge. The letter was dated December 14,2007. While it would have been helpful for our review to see the letter (it was not included in the record appendix), a portion of it was read to the trial judge. The portion read indicated that Cudilo had inspected the addition in December, 2007 and found it structurally sound. (Tri-County’s evidence at that point was that it had completed the contract on January 24,2007, except for the tie-ins that Diamond would not allow it to complete.) After Tri-County rested, Diamond filed a motion to have the court reconsider its order excluding expert testimony.[5] The motion apparently consisted of two parts. The first part sought to have the court *92 reconsider its prior order and permit Cudilo to testily as an expert generally; the second part sought to call Cudilo to explain that her December, 2007 letter did not address the tie-ins or the old structure, but referenced only the addition. The trial judge denied the first part of the motion for the same reason he had originally denied it. As to the second part, Tri-County stipulated that the December, 2007 letter did not address the old structure or the tie-ins. The judge then declined to allow Cudilo to explain or “rebut” the letter.
“A parly who has rested his case has the right to introduce, later, competent evidence to rebut evidence of new facts appearing in the testimony of witnesses called by the opponent.” Commonwealth v. Wood, 302 Mass. 265, 267 (1939). See Drake v. Goodman, 386 Mass. 88,92 (1982). “A trial judge has substantial discretion whether to permit the presentation of rebuttal evidence.” Drake, supra. “[A] party does not have a right to present rebuttal evidence that merely bolsters the party’s affirmative case.” Urban Inv. & Dev. Co. v. Turner Constr. Co., 35 Mass. App. Ct. 100, 103 (1993).
Here, the court acted properly within its discretion to deny Diamond’s request to call Cudilo to explain her letter where the explanation was a fact already stipulated to by Tri-County.
Decision against weight of evidence. Tri-County’s final claim is that the trial court’s decision is against the weight of the evidence. Neither party filed requests for findings of fact or rulings of law pursuant to Mass. R. Civ. R, Rule 52. Nor did the trial judge issue any written findings. Two principal witnesses testified at trial: TriCounty’s president, Roy Goodwin (“Goodwin”), and Diamond’s president, Stephen Hurlburt (“Hurlburt”). Their testimony diverged on the issue of why the contract was not fully performed. Essentially, Goodwin testified that Hurlburt would not let Tri-County complete performance and asked it to leave the property. Hurlburt testified that Tri-County left the property and never returned to complete the work. A trial judge is in the best position to make credibility assessments. From a reading of the record, it is clear that there was sufficient evidence to support the trial judge’s conclusion that Diamond breached the contract and that damages amounted to $4,205.80. Similarly, there was sufficient evidence to support the trial judge’s implicit finding that no novation of the contract had occurred.
Judgment affirmed.
So ordered.

 The first report was a letter from Michele Cudilo, P.E. to the plaintiff, dated December 6, 2011. The second was a proposal for work on the addition from Lohr Construction Co., Inc., dated December 1, 2011.

 District Court Joint Standing Order 1-04, entitled “Civil Case Management,” reads in pertinent part: “Section II - It shall be the responsibility of counsel to complete the preparation of his or her case by the date of the pretrial conference as scheduled in accordance with Section IVA, unless the court orders otherwise. Discovery and pretrial motions, including motions pursuant to Mass. R. Civ. R 12, 15,19, 20 and 56, and such other motions as may be prescribed by the court, shall be filed, marked and caused to be heard by such date unless the court permits otherwise for good cause shown.... Section IV-Pretrial Conference A. Scheduling and pretrial memorandum. All cases not disposed or assigned a trial date at the Case Management Conference shall be assigned a firm date for Pretrial Conference when they are expected to be ready for trial....”

 Rule 26(e)(1) of the Mass. R. Civ. P. provides in pertinent part that “[a] party is under a duty seasonably to supplement his response with respect to any question directly addressed to ... (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.” Supplementing such answers approximately two months after new information is acquired so that the information is provided only six weeks prior to trial is not “seasonable.”

 While Diamond did not explicitly request a continuance on the date of trial, it did offer that it had no opposition to Tri-County continuing the case.

 Again, it would have been helpful if the motion had been included in the record appendix.