NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-544

JOSEPH SINKIEWICZ

vs.

PIERRE LOUIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial that spanned ten days, a judge of the Superior Court entered judgment for the defendant on the plaintiff's various claims arising out of the defendant's keeping of domesticated animals on his property.[1]  The plaintiff timely appealed, claiming that the judge abused her discretion by excluding a series of photographs and rebuttal testimony.  We affirm.

Background.  We recite the facts that the judge could have found, reserving some for later discussion.

---

[1] The judge construed the claims as breach of quiet enjoyment and privacy, nuisance, trespass, negligence, and intentional infliction of emotional distress.  The judge also found in favor of the plaintiff as to the defendant's counterclaims, alleging harassment in violation of G. L. c. 258E, and violation of quiet enjoyment and privacy.  The defendant did not submit a brief or otherwise participate in this appeal.

The plaintiff and his companion live in a home situated on a three-acre lot, of which two acres remain wooded. The plaintiff welcomes indigenous wildlife, such as wild turkeys, geese, birds of all sorts, opossums, deer, and other animals, on his land without restriction.

The defendant lives on property that abuts the plaintiff's property. In 2016, the defendant erected a large chicken coop approximately twenty feet from the mutual property line.[2] The defendant kept ducks, guinea hens, turkeys, and approximately thirty chickens in the coop, which was open at the top. Some of the animals occasionally "escaped" onto the plaintiff's property.[3]

The plaintiff's home sits approximately three hundred feet from the chicken coop. The coop is not visible from the plaintiff's patio.

The defendant regularly cleaned out the coop and treated it to reduce odors. A city employee with the board of health, who inspected the chicken coop multiple times at the plaintiff's

_____

[2] From 2012 to 2016, the defendant had a smaller chicken coop that sat twenty-five feet from the shared property line. During this time, the plaintiff made no complaints to the defendant, his family, or city officials.

[3] In 2017 and 2019, the plaintiff and defendant respectively installed fences to, among other things, limit the animals' intrusions on the plaintiff's property. The defendant also clipped the ducks' wings to prevent them from flying onto the plaintiff's property.

insistence, testified that the defendant disposed of the waste from the coop by mixing it with soil and using it as a fertilizer for his gardens.[4]  She also testified that the defendant's property was of an adequate size to accommodate his animals and that the elevation of the coop helped limit predators' access to the animals inside it.

Despite his complaints about the noises and the smells from the chicken coop, the plaintiff and his companion still "spen[t] time sitting outside on the patio in the rear of their residence . . . for an hour 'or so'" each night in pleasant weather and "walk[ed] their dog upon the acreage" "at least twice a day." No other neighbors testified that their lives were affected by noise or odor from the chicken coop.  For these and other reasons, the trial judge did not credit the plaintiff's testimony about the impact of the animals on his enjoyment of his property.

Discussion.  1.  Exclusion of photographs.  "We do not disturb a judge's decision to admit evidence absent an abuse of discretion or other legal error."  Zucco v. Kane, 439 Mass. 503, 507 (2003).  "Trial judges have broad discretion to make discovery and evidentiary rulings conducive to the conduct of a

_____

[4] The defendant was never fined or cited for a violation and was never ordered to make any corrections to the structure of the chicken coop.

3

fair and orderly trial" (quotations and citation omitted).

Nally v. Volkswagen of Am., Inc., 405 Mass. 191, 197 (1989).  We discern no abuse of the judge's broad discretion in her exclusion of the proffered photographs.  See N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013).

The judge denied the plaintiff's request, made several days into the long trial, to admit a series of five photographs purporting to show a manure pile on the defendant's land because they were not disclosed prior to trial.  The plaintiff concedes that similar photographs were admitted as Exhibit 5.  Three witnesses testified about a manure pile.  This decision was well within the judge's discretion.  See Mass. R. Civ. P. 37 (b) (2) (B), as amended, 390 Mass. 1208 (1984) (where party fails to comply with discovery requests, judge may impose sanctions, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence").

To the extent that the plaintiff now argues that he "should neither be required to reveal words or photographs before cross," the judge was within her discretion in excluding the photographs given the discovery rules' purpose.  See, e.g., Partlow v. Hertz Corp., 370 Mass. 787, 790 (1976) ("Compliance with the rules of civil procedure is not accomplished if the

4

parties make of answers to interrogatories some kind of a game"); Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 484 n.8 (2000) ("the rules of civil procedure are instruments for the promotion of justice . . . not the exaltation of mere technicalities").

The plaintiff also maintains that these photographs should have been admitted to impeach the defendant. "[T]he decision to admit impeachment evidence rests in the broad discretion of the judge and will not be disturbed on appeal unless the exercise of that discretion constituted an abuse of discretion or palpable error of law." Commonwealth v. Oliveira, 74 Mass. App. Ct. 49, 52 (2009). "The trial judge has both the discretion and the responsibility to exclude irrelevant, cumulative, or repetitive evidence" (emphasis added). Boston v. United States Gypsum Co., 37 Mass. App. Ct. 253, 260 (1994). In this circumstance, where the plaintiff concedes that these photographs were similar to some that were admitted, we see no error. Even if the exclusion was error, it did not prejudice the plaintiff; he was able to question the defendant on concededly similar photographs and to present witness testimony about the manure pile.

2. Rebuttal testimony. We find no merit in the plaintiff's argument that the judge improperly denied his

request for rebuttal testimony.[5]  "A trial judge possesses broad discretion in deciding whether to permit the presentation of rebuttal evidence."  Urban Inv. & Dev. Co. v. Turner Constr. Co., 35 Mass. App. Ct. 100, 103 (1993), citing Drake v. Goodman, 386 Mass. 88, 92 (1982), and Mason v. General Motors Corp., 397 Mass. 183, 193 (1986).  The defendant's introduction of the city employee's testimony was not a surprise and did not suddenly advance a new or unforeseen theory.  See Drake, supra at 92-93; Teller v. Schepens, 25 Mass. App. Ct. 346, 350-351 (1988).  The plaintiff was permitted to present evidence of the city employee's purported prodefendant bias; on cross, the plaintiff's counsel solicited information from the city employee that she had friendly interactions with the defendant and contentious interactions with the plaintiff.  The plaintiff did not have the right to present rebuttal evidence.[6]  See Drake, 386 Mass. at 93.

---

[5] Specifically, the plaintiff's counsel intended the plaintiff to testify as to his meetings with the city employee and documents regarding the defendant's property.  Likewise, the attorney was to testify to the city employee's alleged refusal to bring the file concerning the defendant's property -- a file the plaintiff opted not to subpoena ahead of time -- to the trial and the employee's "continuing interaction on a daily basis . . . [with] the defendant, laughing and joking."

[6] The same is true for the plaintiff's argument that the judge should have also allowed the manure-pile photographs as rebuttal evidence.  The existence (or not) of the manure pile on the defendant's property was a key issue of the case; his denial of its existence on cross was not "new or unanticipated evidence

3. Factual findings. We review factual findings for clear error. See DeMayo v. Quinn, 87 Mass. App. Ct. 115, 116-117 (2015). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' the utmost deference." Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999). In a bench trial, credibility determinations are "quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings." Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).

During the ten-day trial, the judge heard testimony from many witnesses, including the parties, their companions, the city employee, and two other neighbors. In her detailed factual findings, the judge explained her reasoning for not finding the plaintiff, his companion, or his weekly maintenance worker wholly credible. While the judge credited the plaintiff's testimony in part, in that "some odors could develop from the animal feces," she credited the defendant's testimony, supported by the city employee's testimony, that the defendant took measures to mitigate any odor. It is settled that a judge may

presented for the first time at trial." Urban Inv. and Dev. Co., 35 Mass. App. Ct. at 103-104.

"accept or reject in whole or in part the testimony of the witnesses."  Learned v. Hamburger, 245 Mass. 461, 468 (1923).  Cf. Commonwealth v. Cruz, 98 Mass. App. Ct. 383, 392 (2020) (jury may believe part of witness's testimony and reject part, or believe all, or reject all).  There was no error.

Conclusion.  Seeing no basis to disturb the judge's credibility determinations and no abuse of discretion or other error of law, we affirm.[7]

So ordered.

By the Court (Meade,
  Hershfang & D'Angelo, JJ.[8]),

Joseph F. Stanton

Clerk

Entered:  November 22, 2023.

---

[7] We address the merits of each claim, but do not necessarily analyze each argument advanced in support of those claims.  "To the extent that we have not specifically addressed other points made . . . in [the plaintiff's brief], they 'have not been overlooked.  We find nothing in them that requires discussion.'" Commonwealth v. Brown, 479 Mass. 163, 168 n.3 (2018), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[8] The panelists are listed in order of seniority.

8